JOHN COSTELLO, an Infant, by JOHN COSTELLO, his Guardian ad Litem, Appellant, *v.* THIRD AVENUE RAILROAD COMPANY, Respondent.

*Calendar — a case should stand over, where counsel are engaged in another trial.*

Where, at the time that a preferred case, which is on the day calendar, is called for trial in the first department, it is made to appear to the court by affidavit that the counsel who is expected to try the case is actually engaged in the trial of a case in another part of the court, which had been commenced before the case in question was put upon the day calendar, it is the duty of the court, under rule 5 of the first department, for the regulation of Trial Terms, to pass the case for a day, and it does not thereby lose its position upon the preferred calendar.

APPEAL by the plaintiff, John Costello, an infant, by John Costello, his guardian *ad litem,* from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 17th day of February, 1897, denying his motion to restore the cause to the preferred calendar of Part 2 of the Trial Term in the county of New York.

*Edmund Luis Mooney,* for the appellant.

*Henry L. Scheuerman,* for the respondent.

RUMSEY, J.:

The plaintiff being an infant the cause was entitled to a preference under subdivision 5 of section 791 of the Code of Civil Procedure, and it was regularly put upon the preferred calendar and set down for the 13th day of November, 1896. It first appeared, however, on the day calendar of the preferred causes on the 11th of January, 1897, and on that day, by request of counsel, and with the permission of the court, it was set down for the 25th day of January, 1897. It did not, however, appear again on the day calendar until the third of February, upon which day it was called in due course by the judge presiding at the term. When it was called it was made to appear to the court by affidavit that the counsel who was expected to try the case was actually engaged in the trial of a case in another part of the court which had commenced on the first day of February and before this case was put upon the day calendar under its last adjournment. The court was thereupon requested to let the case stand over the day to enable the counsel to finish the trial of the case or to allow other counsel to prepare to try the case in his stead. This application was refused and the case was sent back to the general calendar. Thereupon a motion was made to the court to restore the cause to the preferred calendar, and upon the denial of that motion this appeal was taken. We think the motion should have been granted.

The counsel for the plaintiff appears to have been regular in all respects and to have acted clearly within his rights in asking that the case stand over until the next day, when it was called on the third of February. Rule 5 of this department for the regulation of Trial Terms prescribes that "In a case upon the day calendar for trial, where it shall appear to the court by affidavit that counsel who is to try the case   *   *   *   is actually engaged in the trial of a case in a court of record in the city of New York   *   *   *   the case shall be passed for the day or until such   *   *   *   trial is concluded, unless the trial in which counsel is engaged is a protracted one." The necessary proof was made to the court in this case by affidavit, as required by the rule, and it was made at the proper time; that is, as soon as the case was called upon the day calendar and before it was marked ready. The plaintiff then had a right, under the provisions of the

rule above quoted, to have the case stand over the day, unless it was made to appear that the facts stated in his affidavit were not true.  But these facts were not denied, and for that reason it was erroneous to refuse to let the case stand for the day, and the plaintiff did not forfeit his right to have his case remain upon the preferred calendar.  If a party desires to avail himself of the fact that the counsel who was to try the case is actually engaged in the trial of another case, the attention of the court should be called to such engagement in the proper way when the day calendar is called at the opening of the court, and if counsel at that time answer that the case is ready for trial, they cannot complain if when the cause is reached in the order for trial on that day the court refuses to permit them to postpone it because of an excuse which existed, or which it was known might exist, at the time when the case was marked ready, and which should have been presented at that time. But nothing of that sort is made to appear here.  The proof of the engagement of counsel was offered at the proper time and in the proper way, and the plaintiff was entitled to have his case stand over the day to enable him to make arrangements for its trial on the next day.  He has not forfeited his right to the preference which the law gives him.  Therefore, the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to restore the case to the preferred calendar granted, with ten dollars costs.

Van Brunt, P. J., Williams, Patterson and Parker, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.